UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH H. MARRAS, SR. and
MARRAS MUSIC CO., LLC,

    Plaintiffs,

v.

                                      Civil No. 07-12562
                                      Hon. Lawrence P. Zatkoff

CITY OF LIVONIA and
GERALD RAYCRAFT,

    Defendants.
    _____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 1, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for Judgment on the Pleadings (dkt 10). Plaintiffs have responded, and Defendants have replied. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion is GRANTED. Plaintiffs, however, are GRANTED leave to amend their complaint only to the extent necessary to establish a "class of one" equal protection claim.

## II. BACKGROUND

Plaintiff Joseph H. Marras ("Marras") owns Plaintiff Marras Music Company, LLC. On a

number of occasions over a span of approximately two years, Livonia Ordinance Enforcement Officer, Defendant Gerald Raycraft ("Raycraft"), informed Marras that he was in violation of Livonia's Zoning Ordinance that regulates sign postings and placements. These violations included the parking of a vehicle that advertised Marras's business in front of the store and the use of prohibited LED and Banner signs. In each of these instances, Marras complied with requests to eliminate or relocate the signs that were in violation of the ordinance.

On December 19, 2006, Raycraft warned Marras that he was violating the City's ordinance when his car, which displayed information regarding his business, was once again parked in front of the store. Marras had parked the car in front of the store temporarily to unload it. When he finished unloading his car, Marras moved it to the rear of the building. Later that day, Marras employed a man dressed as Santa Claus to hold a sign that read "Piano Sale" on one side and "Guitar Sale" on the other. Raycraft apparently informed Marras that this violated the "portable" sign prohibition of the ordinance. Raycraft ticketed Marras for this activity when the latter refused to move the placard within the store. Several weeks later, a misdemeanor complaint was issued against Marras for his December 19 ordinance violation. The complaint alleged not that Marras violated the portable sign prohibition but rather that he violated the restrictions pertaining to right-of-way access.

Michigan's 16th District Court dismissed the complaint with prejudice largely because the relevant right-of-way in front of Marras's workplace was defined vaguely as within the range of "100–120 feet." In the 16th District Court's view, such a range did not afford Marras adequate notice as to which areas were proscribed. After the dismissal of the suit at the state level, Plaintiffs filed their complaint in this Court, alleging claims under 42 U.S.C. § 1983 for First Amendment, due

process, and equal protection violations. Plaintiffs also alleged malicious prosecution, but the Court declined jurisdiction over this claim on June 27, 2007. Plaintiffs seek monetary damages and injunctive relief. Defendants now move for judgment on the pleadings as to the substantive due process and equal protection claims, which would leave only Plaintiffs' First Amendment claim. Defendants also move to have all constitutional claims against Defendant Raycraft dismissed.

### III. LEGAL STANDARD

Motions brought under Rule 12(c), like those brought under Rule 12(b)(6), test the legal sufficiency of a plaintiff's complaint; as such, the Sixth Circuit utilizes the same standard for both motions. *See, e.g.*, *Lindsay v. Yates*, 498 F.3d 434 (6th Cir. 2007); *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A Rule 12(c) motion is thus only appropriate for the resolution and disposal of cases in which all material allegations of fact are admitted or not disputed, thereby leaving only questions of law. *Ulen Contracting Corp. v. Tri-County Elec. Coop.*, 1 F.R.D. 284, 285 (W.D. Mich. 1940). Rule 12(c) motions must be made within a reasonable time after the pleadings conclude; the Rule expressly prohibits motions that result in a delay of the trial. FED. R. CIV. P. 12(c).

A motion for judgment on the pleadings is generally granted only where the moving party clearly establishes the absence of factual dispute and entitlement to judgment as a matter of law. *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). The Court must view the facts presented in the light most favorable to the nonmoving party. All the factual allegations set forth by the nonmoving party are therefore assumed to be true, and all contravening allegations set forth by the moving party are deemed false. *Id.* A district court's grant of a motion for judgment on the pleadings is proper when there is no set of facts that would allow

the plaintiff to recover. *Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993). Although admissions pertaining to factual allegations are assumed against the moving party, the Court does not make similar assumptions with respect to conclusions of law, legally impossible facts, or evidence that would be otherwise inadmissible at trial. 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE 3d § 1368.

## IV. ANALYSIS

At the outset, the Court reiterates that Plaintiffs' fourth claim, malicious prosecution, has been dismissed and, despite the parties' inclusion of the claim in their briefs, will not be discussed further. Defendants' motion under Rule 12(c) pertains only to Plaintiffs' claims of substantive due process and equal protection violations as well as all constitutional claims against Raycraft. Each of these issues will be discussed in turn.

### A. *Substantive Due Process*

Defendants argue that Plaintiffs cannot establish a claim for a substantive due process violation because it is "redundant" in relation to Plaintiffs' First Amendment claim. In other words, Defendants allege that Plaintiffs' First Amendment claim supercedes their substantive due process claim. In the alternative, Defendants maintain that the complaint is void of the "conscience-shocking" behavior necessary to state a cognizable substantive due process claim in the absence of a protected class or fundamental right. In response, Plaintiffs argue that Livonia's sign ordinance is unconstitutionally vague because the ordinary person cannot determine what activity is permitted under its terms; as such, it violates due process standards, which require that a statute be "reasonably precise."

The Supreme Court has consistently held that "[w]here a particular Amendment provides an

4

explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Sacramento v. Lewis*, 523 U.S. 833, 842 (1998) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)); *see also Powell v. Henry*, No. 05-70435, 2007 U.S. Dist. LEXIS 9982 (E.D. Mich. Feb. 13, 2007). Plaintiffs' claim, in its essence, is a First Amendment claim of free speech infringement. Plaintiffs allege that the Livonia ordinance is "unconstitutionally vague and therefore violative of due process." But it is an ordinance that regulates activity falling under First Amendment protections; the standards governing First Amendment violations, then, provide the proper lens with which to analyze Plaintiffs' complaint. Plaintiffs' substantive due process claim "is duplicative of [their] First Amendment . . . claim, and [they have] not pointed to any other fundamental rights that have been violated by the [Defendants]." *Brandenburg v. Hous. Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001). Accordingly, Plaintiffs' claim under the Fourteenth Amendment's substantive due process clause must be dismissed with respect to both Defendants.

## B. Equal Protection

Plaintiffs assert that "[t]he actions by [Defendants] in the selective and discriminatory enforcement of the City's zoning ordinance were done maliciously and with reckless indifference to the rights of Mr. Marras, which deprives Mr. Marras of his constitutionally-protected right to equal protection." In support of their motion, Defendants argue that Plaintiffs have not alleged any similarly situated individuals whom Defendants have failed to prosecute and that Plaintiffs have not identified a discriminatory purpose or motive behind Defendants' actions.

Equal protection, "at the very least mean[s] that a bare desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." *U.S. Dep't of Agric. v. Moreno*, 413

5

U.S. 528, 534 (1973). The Supreme Court acknowledges the legitimacy of a "class of one" plaintiff "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under a "class of one" equal protection theory, a plaintiff must include in his complaint facts that demonstrate disparate treatment of similarly situated individuals. *Id.* at 564; *Maulding Dev., LLC v. City of Springfield*, 453 F.3d 967, 970 (7th Cir. 2006); *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004). To succeed on such a claim, Plaintiffs must further establish the government's lack of rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005). In the absence of showing himself to be part of a protected group or the presence of a fundamental interest, Marras will have to proceed under the "class of one" equal protection theory in order to state a viable claim.

Plaintiffs' complaint alleges that Defendants targeted Marras for selective enforcement of the sign ordinance. Yet in their complaint, Plaintiffs have not identified any similarly situated individuals that Defendants have failed to prosecute for related offenses. Plaintiffs reference their complaint's exhibit C as establishing the similarly situated requisite. Exhibit C, a Motion to Dismiss from the parties' previous case in state court, notes that "Marras has been cited . . . for things allowed in other locations throughout the City, including municipal buildings and other businesses that are not cited for similar violations." Notwithstanding the inappropriateness of relying on the content of prior pleadings in a different case that is appended to the complaint, the Court finds that Plaintiffs' assertions vague, general, and insufficient to constitute similarly situated individuals for

6

the purpose of equal protection pleading. Likewise, Plaintiffs' argument that Defendants acted "maliciously" is not sufficiently supported by statements that Marras and Raycraft were in a "longstanding feud" or that Marras was described in a newspaper article as "combative."

Defendants' motion with respect to Plaintiffs' equal protection claim is GRANTED. The Court GRANTS Plaintiffs, however, leave to amend their complaint to satisfy the requirements for pleading a "class of one" equal protection claim.

## C. Constitutional Claims Against Raycraft

Defendants move to have all constitutional claims against Raycraft dismissed under the qualified immunity doctrine. Plaintiffs argue that Raycraft's actions fall outside the scope of behavior triggering qualified immunity, and Raycraft should not be dismissed from the suit.

The doctrine of qualified immunity "extends to government officials performing discretionary functions." *Blake v. Wright*, 179 F.3d 1003, 1007 (6th Cir. 1998). In order to protect public officials from unnecessary interference with the performance of their duties, the doctrine immunizes them from suit so long as they do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In determining the applicability of qualified immunity, the court must consider first whether the public official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the conduct did not violate a constitutional right, qualified immunity bars the suit. If, on the other hand, it can be said that the official's conduct violated a constitutional right, then the court must ask whether that right was clearly established at the time the act was committed so that a reasonable official would understand his conduct to violate that right. *Id.*; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Determinations of qualified immunity

"should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier*, 533 U.S. at 201. Ordinance enforcement officers, like Raycraft, enjoy the protection of qualified immunity. *See, e.g.*, *Tindall v. City of Grosse Pointe Park*, No. 98-71295, 1999 U.S. Dist. LEXIS 11089, at *8–11 (E.D. Mich. Jun. 28, 1999).

Plaintiffs allege that Raycraft selectively enforced the Livonia sign ordinance against Marras. Based on the complaint and briefs regarding the present motion, this selective enforcement spanned approximately five occasions over a period of two years. Raycraft warned Marras twice about parking his car that advertised Marras's business in front of his store– an action that violated the Livonia ordinance. Raycraft also warned Marras about an LED sign and a banner sign that violated the ordinance. No citations were given for any of these offenses. Lastly, and on the same day as the latter of the vehicle warnings, Raycraft warned Marras that the sign held by the hired Santa Claus violated the ordinance. Raycraft cited Marras only after he refused to bring the sign inside his store. In sum, Raycraft warned Marras about five ordinance violations over a period of two years and cited him only once after he refused to remedy the violation. Even assuming that the ordinance in question implicates a constitutional right, a reasonable ordinance enforcement officer in Raycraft's position would not understand his conduct to be violative of that right because he would have no reason to know of such a defect in the ordinance at the time of his action.

Raycraft's conduct complained of in this case stemmed from his official duty of enforcing the Livonia ordinance. Despite viewing Raycraft's behavior in a light most favorable to Plaintiffs, it cannot be said that his behavior was unreasonable. Plaintiffs allege that Raycraft was motivated by animus toward Marras, but "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow*, 457 U.S.

8

at 817–18. All constitutional claims against Defendant Raycraft must be dismissed.

## V. CONCLUSION

For the above reasons, Defendants' Motion for Judgment on the Pleadings is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs are GRANTED leave to amend their complaint only to the extent necessary to satisfy the pleading requirements for a "class of one" equal protection claim. The amended complaint must be received by the Court within seven days of the entry of this Opinion and Order.

IT IS SO ORDERED.

                                                   s/Lawrence P. Zatkoff
                                                   LAWRENCE P. ZATKOFF
                                                   UNITED STATES DISTRICT JUDGE

Dated: November 1, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 1, 2007.

                                                   s/Marie E. Verlinde
                                                   Case Manager
                                                   (810) 984-3290