UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH H. MARRAS, SR. and
MARRAS MUSIC CO., LLC,

    Plaintiffs,

v.

Civil No. 07-12562
Hon. Lawrence P. Zatkoff

CITY OF LIVONIA and
GERALD RAYCRAFT,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 11, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter comes before the Court on Defendant City of Livonia's Motion for Partial Summary Judgment on Equal Protection Claims [dkt 25]. The parties have fully briefed the Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted. For the reasons set forth below, Defendant's Motion for Partial Summary Judgment on Equal Protection Claims is DENIED.

## II. BACKGROUND

Plaintiff Joseph H. Marras ("Marras") owns Plaintiff Marras Music Company, LLC. On a

number of occasions over a span of approximately two years, Livonia Ordinance Enforcement Officer, Gerald Raycraft ("Raycraft"), informed Marras that he was in violation of Livonia's Zoning Ordinance that regulates sign postings and placements. These violations included the parking of a vehicle that advertised Marras's business in front of the store and the use of prohibited LED and Banner signs. In each of these instances, Marras complied with requests to eliminate or relocate the signs that were in violation of the Ordinance and consequently, no citation or ticket was issued.

On December 19, 2006, Raycraft warned Marras that he was violating the City's Ordinance when his car, which displayed information regarding his business, was once again parked in front of the store. Marras had parked the car in front of the store temporarily to unload it. When he finished unloading his car, Marras moved it to the rear of the building. Later that day, Marras employed a man dressed as Santa Claus to stand outside of the store while holding a sign that read "Piano Sale" on one side and "Guitar Sale" on the other. Raycraft apparently informed Marras that this violated the "portable" sign prohibition of the Ordinance. Raycraft ticketed Marras for this activity when the latter refused to move the placard within the store. Several weeks later, a misdemeanor complaint was issued against Marras for his December 19 Ordinance violation. The complaint alleged not that Marras violated the portable sign prohibition but rather that he violated the restrictions pertaining to right-of-way access.

Michigan's 16th District Court dismissed the complaint with prejudice largely because the relevant right-of-way in front of Marras's workplace was defined vaguely as within the range of "100–120 feet." In the 16th District Court's view, such a range did not afford Marras adequate notice as to which areas were proscribed. After the dismissal of the suit at the state level, Plaintiffs filed their Complaint in this Court, alleging claims under 42 U.S.C. § 1983 for First Amendment,

due-process, and equal-protection violations. Plaintiffs also alleged malicious prosecution, but the Court declined jurisdiction over this claim on June 27, 2007. In a previous Opinion and Order, this Court dismissed Plaintiffs' substantive-due-process claim and granted Plaintiffs leave to amend their Complaint to satisfy the requirements for pleading a "class of one" equal-protection claim. In that Opinion and Order, the Court also dismissed all constitutional claims against Defendant Raycraft. As a result, only the City of Livonia remains as a defendant.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

In its Motion, Defendant City of Livonia argues that Plaintiffs cannot establish that they were

treated in a manner different from any similarly situated entity. Defendant maintains that the Ordinance was applied uniformly to businesses throughout the City of Livonia and that, even if Plaintiffs could show disparate treatment, they could not demonstrate that Defendant's actions were not rationally related to the legitimate governmental interests of traffic safety, aesthetics, and public fiscal concerns. Finally, Defendant argues that Plaintiffs' equal-protection claim is barred by the principles of res judicata because it could have been raised as a defense in the prior state action between the parties but was not.

Plaintiffs contend that sufficient evidence exists to show that they were treated differently from other similarly-situated entities and to show that the disparate treatment was motivated by animus. Plaintiffs further argue that Defendant has no rational justification for its disparate treatment of Plaintiffs. Lastly, Plaintiffs take the position that they were not required to join their equal-protection claim in the previous state-court action between the parties.

Equal protection, "at the very least mean[s] that a bare desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973). The Supreme Court acknowledges the legitimacy of a "class of one" plaintiff "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under a "class of one" equal protection theory, a plaintiff must include in his complaint facts that demonstrate disparate treatment of similarly-situated individuals. *Id.* at 564; *Maulding Dev., LLC v. City of Springfield*, 453 F.3d 967, 970 (7th Cir. 2006); *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004). To succeed on such a claim, plaintiffs must further establish the government's lack of rational basis "either by negativing every conceivable basis which

4

might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005). In the absence of showing themselves to be part of a protected group or the presence of a fundamental interest, Plaintiffs must proceed under the "class of one" equal-protection theory in order to state a viable claim.

In their "class of one" equal-protection claim, Plaintiffs are required to put forth evidence of other entities that are "prima facie identical in all relevant aspects" but treated differently. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204 (11th Cir. 2007). To satisfy this burden, Plaintiffs must establish substantial similarity on all relevant grounds. *See, e.g.*, *Cordi-Allen v. Conlon*, 494 F.3d 245, 252 (1st Cir. 2007); *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). This degree of similarity is extremely high. *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). In the context of claims alleging disparate discipline, comparable entities must have "dealt with the same standards and . . . engaged in the same conduct without differentiating or mitigating circumstances that would distinguish their conduct or the [defendant's] treatment of them for it." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998).

In this case, the Court finds that other businesses operating and advertising in the vicinity of Plaintiffs are similarly situated to Plaintiffs. Plaintiffs allege that Defendant selectively enforced the Ordinance against them. Based on the materials before the Court, this selective enforcement encompassed approximately five occasions over a period of two years. Raycraft warned Marras twice about parking his car that advertised Marras's business in front of his store—including one instance in which Marras was merely unloading it before parking it behind the building. Raycraft also warned Marras about an LED sign and a banner sign that violated the Ordinance. Although no

citations were given for any of these offenses, their frequency suggests the possibility that Marras was targeted. Further, on the same day as the latter of the vehicle warnings, Raycraft warned Marras that the sign held by the hired Santa Claus violated the Ordinance and informed Marras that the sign should be moved inside the store. Raycraft cited Marras apparently only after he explicitly refused to bring the sign inside his store. Curiously, the citation that Marras eventually received did not pertain to the portable sign violation that Raycraft had referenced but rather alleged that Plaintiffs had violated the right-of-way requirements delineated in the Ordinance. In other words, Plaintiffs never received a warning for the actual Ordinance violation for which they were eventually cited.

Numerous other business entities proximately located to Plaintiffs were warned for various Ordinance violations. Specifically, Little Caesars, Liberty Tax Service, and Flower King were all warned for similar offenses. These entities, however, were not formally cited. Raycraft testified that the City attempted to attain compliance before involving the judicial system. Thus, where offenders indicated a willingness to comply, Defendant apparently would not institute formal proceedings. The other similarly-situated business entities, however, were also repeat offenders but apparently never received citations despite advancing conduct virtually identical to that complained of by Plaintiffs: "[A]t least five Livonia businesses . . . all engaged in the same conduct as Plaintiffs, employing individuals to carry advertisement [sic] adjacent to an arterial street or highway. They had even been previously warned about other sign ordinance violations." Under these facts, a jury could determine that Plaintiffs were treated differently.

The materials before the Court paint different pictures of the relationship between Raycraft and Marras. While Raycraft insists that he engaged in no aggressive behavior, Marras states that Raycraft repeatedly yelled at him. Because a question of fact exists as to whether Defendant's

6

actions were motivated by animus or ill-will, the Court cannot grant Defendant's Motion.

Lastly, Defendant's argue that "Plaintiffs' equal-protection claim is barred by *res judicata* (claim preclusion)." Defendant seeks to apply general res judicata principles broadly to support its contention that Plaintiffs could have argued selective enforcement in the underlying state action and have now lost the ability to bring their equal-protection claim. Defendant provides the Court with no relevant authority in support of its proposition.

## V.  CONCLUSION

IT IS ORDERED that Defendant's Motion for Partial Summary Judgment on Equal Protection Claim is DENIED.

IT IS SO ORDERED.


                                                    s/Lawrence P. Zatkoff
                                                   LAWRENCE P. ZATKOFF
                                                   UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 11, 2008.


                                                   s/Marie E. Verlinde
                                                   Case Manager
                                                   (810) 984-3290